JOHN McMANAMY AND OTHERS AGT. GEORGE W. EWING.

*Practice: Real Property: Another Trial.*

1. It is error for the court to refuse another trial, when demanded by the party against whom judgment has been rendered, in an action for the recovery of real property, when the demand is made, by notice on the journal, within the proper time.

2. A notice on the journal, entered by the clerk, who is the only person authorized to make such entries, under the direction of the court, is the only way a party can demand another trial "by notice on the journal."

ERROR from the District Court of the Third Judicial District in and for Jefferson County.

*By the Court*—PETTIT, C. J.

Petition in error to the district court sitting in Jefferson county.   The suit below was commenced in the district court, in December, 1858, and was brought to recover the possession of the 16th section of the half-breed Kaw lands, reserved by the treaty of 1825, and to which Ewing, the plaintiff below, claims to have a fee simple title by virtue of a deed from one Joseph Butler, the reservee of said section.   The defendants below denied all the allegations of the petition, and especially the title of the plaintiff; and also that Butler had any right or power to convey title in or to said land.   A trial was had by the court, by consent of parties, and the only evidence offered was a deed from Butler to Ewing, for the lands in dispute, dated in 1854, the genuineness of which was admitted by the defendants, and it was read without objection.

The trial was had at the October term, 1859.   And at the same term the defendant moved for a new trial, and caused their motion to be entered on the journal, as fully appears by the record.   This motion was overruled, and the ruling excepted to.   The Code of 1858, page 162, section 562, which was in force for the purposes of that trial, provides: " That in an action for the recovery of real property, the party against whom judgment is rendered, may, at any time during the term at which the judgment is rendered, demand another trial, by notice on the journal, and thereupon the judgment shall be vacated, and the action shall stand for trial at the next term."   This is

plain, clear, and not susceptible of misconstruction, when the proper facts exist. At the term at which the trial was had, the defendant, against whom the judgment was rendered, did demand a new trial by a notice on the journal, entered by the clerk, the only person who is authorized to make such entries, under the direction of the court. This is the only way a party can give notice on the journal, and this he did. He was not at liberty to enter it with his own hand. The court refused to vacate the judgment and give the defendant a new trial. This was error, and for it the judgment must be reversed.

I well remember that it was orally admitted, and said, at the time, that a new trial was not, in fact, desired, but it was thought that it was necessary to make the motion, and have it overruled *pro forma*, and except, in order that this court might have jurisdiction of the matter, and take into consideration the evidence and law of the case, and decide it upon its merits. But this oral admission is no part of the record, and we can not take notice of, or act upon it here, nor could the supreme court of the United States, should this cause find its way there, as it may sooner or later, and the plaintiffs now insisting upon the advantage which the state of the record and the law give them, we have no alternative left us. There is no rulé of law, or practice, which requires us to go farther into or dispose of other questions in the record of this cause, and it being alleged that congress, at its present session, has passed a law on the subject of these lands, which may, or may not, affect the rights

of the parties therein, we are purposely silent on the other points presented by the record, and in argument.

ORDER.—The judgment of said district court is, in all things, reversed and vacated, at the cost of the defendant in error, subsequent to the filing the motion for a new trial. Cause remanded to said court, with instructions to give the plaintiff in error a new trial, and final judgment here, for costs, in this court, and execution awarded thereon.